UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Phillip Baker and Elouise Baker, ) | C/A No. 3:18-cv-00039-DCC |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Capital One Auto Finance; The Money Source, ) | |
| Inc.; World Omni Financial Corp., ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

This matter is before the Court on Appellants' appeal of a decision of the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings and a Report and Recommendation ("Report"). On March 5, 2018, the Magistrate Judge issued a Report recommending that the appeal should be summarily dismissed because the appeal was untimely. ECF No. 5. The Magistrate Judge advised Appellants of the procedures and requirements for filing objections to the Report and the serious consequences if Appellants failed to do so. ECF No. 5. Appellants filed objections to the Report. ECF 9.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in  part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Report recommends that the appeal be summarily dismissed because the appeal is untimely.  ECF No. 5.  Here, the Appellants appeal the Bankruptcy Court's Order Denying Avoidance of Liens, which was issued on December 15, 2017.  ECF No. 1.  According to the Federal Rules of Bankruptcy Procedure, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgement, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).  Accordingly, Appellants' notice of appeal was due December 29, 2017.[1]  Because the Court was closed on December 29, 2017 through January 1, 2018, Appellants' time to file their appeal was extended to January 2, 2018.  *See* Fed. R. Bankr. P. 9006(a); Order Announcing Holiday Closings of the Court, Bankr. D.S.C. http://www.scb.uscourts.gov/bulletin/1517413588 (filed Nov. 6, 2017).

---

[1] "If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, the clerk of that court must state on the notice the date on which it was received and transmit it to the Bankruptcy clerk.  The notice of appeal is then considered filed in the bankruptcy court on the date so stated."  Fed. R. Bankr. P. 8002(a)(4).

However, Appellants filed their notice of appeal on January 3, 2018. (*In re Baker*, 17-3405, ECF No. 115.) Thus, this appeal is untimely and should be summarily dismissed for lack of jurisdiction. *See Wilson v. Moss*, C/A No. 5:15-2230-MBS, 2015 WL 4257121, at *1 (D.S.C. July 13, 2015) ("When evaluating a bankruptcy appeal, the court should determine, as a threshold matter, whether the notice of appeal has been timely filed."); *see also Ekweani v. Wells Fargo Home Mortg., Inc.*, Civil No. CCB-13-2661, 2013 WL 5937977, at *1 (D. Md. Nov. 5, 2013) ("Failure to file a timely notice of appeal from a bankruptcy court order deprives the district court of jurisdiction to consider the appeal.") (citing *Smith v. Dairyman*, Inc., 790 F.2d 1107, 1109 (4th Cir. 1986)); *Chien v. Commonwealth Biotechnologies, Inc.*, 484 B.R. 659, 663 (E.D. Va. 2012) ("It is well-settled that, if a prospective appellant fails to timely file his notice of appeal, the District Court is stripped of its jurisdiction to hear the appeal.") (citing *Dairyman*, 790 F.2d at 1111)*; AgSouth Farm Credit, ACA v. Bishop*, 333 B.R. 746, 748—50 (D.S.C. 2005) (finding noncompliance with the former 10-day filing deadline deprived the district court of appellate jurisdiction over a bankruptcy appeal that required the court grant the respondent's motion to dismiss).

Here, Appellants argue in their objections that they made a timely appeal by filing the appeal on January 3, 2018. ECF No. 10. However, Appellants did not in fact file the appeal within 14 days after entry of the judgement, order, or decree being appealed, and the United States Bankruptcy Court for the District of South Carolina and the United States District Court for the District of South Carolina were both open on January 2, 2018. *See* Standing Order, Holiday Schedule, http://www.scd.uscourts.gov/StandingOrders/index.asp

(filed Nov. 1, 2017). Therefore, the Appellants' notice of appeal was untimely. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge and overrules Appellants' objections. This action is therefore dismissed with prejudice.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

June 13, 2018
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.